IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| SHAWNA ENSLEY, | |
| Plaintiff, | CIVIL ACTION FILE NO: |
| v. | 2:12-cv-254-WCO |
| NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC.; THE NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC. GROUP HEALTH AND DENTAL INSURANCE PLAN; AND HOWARD SLAUGHTER, STEVEN MIRACLE, AND JODI SPIEGEL, IN THEIR CAPACITIES AS FIDUCIARIES OF THE NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC. GROUP HEALTH INSURANCE PLAN, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

COMES NOW SHAWNA ENSLEY and asserts the following claims against Defendants NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC. ("the Crisis Network"); THE NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC. GROUP HEALTH AND DENTAL INSURANCE PLAN ("the Plan"); AND HOWARD SLAUGHTER, STEVEN MIRACLE, AND JODI SPIEGEL, in their capacities as fiduciaries of the Plan:

## THE PARTIES AND JURISDICTIONAL ALLEGATIONS

1.

Plaintiff, Shawna Ensley, is an individual currently residing in the State of Georgia in Fannin County.  At all times material hereto, Plaintiff was a participant and/or beneficiary, within the meaning of ERISA § 3(7), 29 U.S.C. § 1002(7), in a welfare benefit plan known as the North Georgia Mountain Crisis Network, Inc. Group Health and Dental Insurance Plan.  Plaintiff was, and is, a participant or beneficiary by virtue of her former employment with the Crisis Network.

2.

The Defendant "Plan" is an employee welfare benefit plan within the meaning of the ERISA § 3(1), 29 U.S.C. § 1002(1).  The Plan, upon information and belief, provides group health and dental insurance benefits to all full-time employees of the Crisis Network, subject to a 90-day waiting period.

3.

At all times material hereto, Defendant, the Crisis Network, a corporation organized and existing under the laws of the State of Georgia, administered the Plan for the benefit of all full-time employees employed by the Crisis Network, including Plaintiff. The Crisis Network is a fiduciary and administrator within the meaning of the ERISA § 3(16), 502(a)(2), 29 U.S.C. § 1002(16), § 1102(a)(2), with respect to, among other things, determining an employee's eligibility to

participate in the Plan, and allowing such eligible employees to participate and enroll in the Plan.

4.

Upon information and belief, Defendant, Howard Slaughter, is a director of the Crisis Network, and an administrator and fiduciary of the Plan as defined by ERISA.

5.

Upon information and belief, Defendant, Steven Miracle, is a director of the Crisis Network, and an administrator and a fiduciary of the Plan as defined by ERISA.

6.

Upon information and belief, Defendant, Jodi Spiegel, is a director of the Crisis Network, and an administrator and a fiduciary of the Plan as defined by ERISA.

7.

This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e) and 28 U.S.C. §§1331. This Court also has supplemental jurisdiction over any and all remaining state law claims in the Complaint, as they are transactionally related to the federal law issues. Convenience, judicial economy, and fairness to the parties requires that all of the Plaintiff's claims be litigated together in a single

forum.  28 U.S.C. § 1367(a).  In addition, the risk of inconsistent rulings supports litigating Plaintiff's claims in a single forum.

8.

Venue is proper in this district pursuant to 29 U.S.C. §1132 and 28 U.S.C. §1391(b) and (c).

FACTS

9.

Defendant, the Crisis Network, promulgates and provides to all employees a "Policy/Procedure" handbook ("the Handbook").

10.

A copy of the relevant portion of the Handbook is attached as Exhibit A.

11.

The Handbook provides that the Crisis Network shall offer to furnish insurance to all employees of the Crisis Network working 40 hours per week upon completion of a 90-day probationary period.

12.

The Handbook further provides that the Crisis Network shall not retaliate against any employee who, in good faith, has made a protest or raised a complaint against some practice of the Crisis Network on the basis of a reasonable belief that the practice is in violation of law or a clear mandate of public policy.

13.

The Crisis Network sponsors and maintains the Plan for the benefit of all employees working 40 hours per week.  The Plan, in turn, provides group health and dental insurance benefits to all eligible employees of the Crisis Network. Upon information and belief, the Plan paid 100% of all employee premiums for group and dental insurance.

14.

Plaintiff became employed by the Crisis Network as a full-time employee working 40 hours per week in August 2001.

15.

When Plaintiff was hired, she was informed that because her husband had access to health and dental insurance through his job, she would not be offered benefits at the Crisis Network.

16.

On multiple occasions, Plaintiff asked Defendants to participate and enroll in the Plan, including in March 2002 when her husband changed jobs.

17.

Defendants refused to enroll Plaintiff in the Plan.  Nor did they ever provide her a copy of the Summary Plan Description, or any other documents concerning her rights or benefits offered under the Plan.

18.

Indeed, at no time prior to September 2011 did Defendants offer to furnish insurance to Plaintiff.

19.

Plaintiff advised Defendants in writing that she should be allowed to participate in the Plan.

20.

Upon information and belief, Plaintiff was the only eligible full-time employee of the Crisis Network not to be offered insurance under the Plan, and the only eligible full-time employee not entitled to elect coverage under the Plan prior to 2012.

21.

During each open and special enrollment period after Plaintiff's hire date, Defendants refused to allow her to elect coverage under the Plan.

22.

Plaintiff was forced to elect medical and dental insurance coverage under her spouse's benefit plan, which, upon information and belief, provided less coverage than the Plan here did, and for which Plaintiff paid significant monthly premiums and out of pocket expenses.

23.

In September 2011, after Plaintiff asked for reimbursement for all premiums she paid for other health and dental insurance coverage she was forced to purchase, Defendants purchased an individual insurance policy for Plaintiff.

24.

In April 2012, Defendants finally allowed Plaintiff to enroll in the Plan.

25.

However, Defendants then terminated Plaintiff's employment on June 25, 2012.

26.

Defendants refused and failed to advise Plaintiff of her health insurance coverage and options upon termination.  Plaintiff was unable to make any informed decision as to how to proceed to maintain insurance coverage.

27.

All conditions precedent to maintaining this action have been satisfied or waived.

## COUNT I

## ACTION UNDER ERISA § 502(a)(3), 29 USC § 1132(a)(3) TO REMEDY

## BREACH OF FIDUCIARY DUTY

### 28.

Plaintiff hereby incorporates in Count I paragraphs 1 through 27 of the Complaint as if fully restated herein.

### 29.

Pursuant to ERISA § 404(a), 29 USC § 1104(a), as fiduciary with respect to the plan, Defendants had and have a duty to discharge their duties and responsibilities with respect to the plan solely in the interest of the plan participant and there beneficiaries and (a) for the exclusive purpose of providing benefits to plan participants and there beneficiaries and to fray reasonable expenses of administrating the plan; and (b) with the care, skill, prudence and diligence under the circumstances then prevailing that a prudent person, acting in the same capacity and familiar with such matters, would use in the conduct or an enterprise of a like character and with like aims; and (c) in accordance with the plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Title I and Title IV of ERISA; and (d) Defendants, as fiduciary, likewise had the same responsibilities as above set forth.

30.

Under the terms of the Plan, Plaintiff was eligible for and entitled to participate in the Plan throughout her employment with the Crisis Network.

31.

As a direct result of Defendants' failure and refusal to allow Plaintiff to participate in the Plan, Plaintiff was forced to purchase her own health insurance with lesser coverage, at great cost to Plaintiff.

32.

Upon information and belief, the Plan further required Defendants to provide health and dental insurance to Plaintiff upon her termination of employment from the Crisis Center.   Defendants failed to so provide such insurance.

33.

Defendants breached their fiduciary duties under ERISA to Plaintiff in refusing to enroll her in or provide her coverage under the Plan upon her date of hire, and upon each successive open and special enrollment period thereafter. Defendants further breached their fiduciary duties under ERISA to Plaintiff in not providing her with health and dental insurance upon her termination of employment.

34.

As a result of Defendants' misconduct outlined above, Plaintiff has been

injured by the loss of benefits and the payment of significant insurance premiums, co-pays, deductible, and other out of pocket expenses.

## COUNT II

## FAILURE TO PROVIDE AN SPD AND REQUISITE ERISA INFORMATION

### 35.

Plaintiff hereby incorporates in Count II paragraphs 1 through 34 of the Complaint as if fully restated herein.

### 36.

ERISA mandates that a Summary Plan Description and information be furnished to participants and beneficiaries of a plan.

### 37.

ERISA defines "participant" to mean any employee or former employee of an employer who is or may become eligible to receive a benefit of any time from an employee benefit plan which covers employees of such employer, or whose beneficiaries may be eligible to receive any such benefit.  29 U.S.C. § 1002(7).

### 38.

ERISA defines "beneficiary" to mean a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.  29 U.S.C. § 1002(8).

39.

At all material times hereto, Plaintiff was a participant or beneficiary of the Plan as defined by ERISA and, thus, eligible to participate and receive benefits under the Plan.

40.

Accordingly, Plaintiff was required to be furnished with (a) a Summary Plan Description of the Plan pursuant to ERISA § 102(a)(1) [29 U.S.C. § 1022(a)(1)] and (b) the information described in §§ 104 (b)(3) and 105(a) and (c) [29 U.S.C. §§ 1024(b)(3), 1025(a) and (c)].

41.

Defendants' failure to furnish Plaintiff with a Summary Plan Description and additional mandated disclosures constitutes further violations of ERISA.

42.

Plaintiff has been proximately harmed by Defendants' failure to comply with ERISA § 102, 29 U.S.C. § 1022 and with ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4), in an amount to be determined at trial, and are also entitled to injunctive and declaratory relief to remedy Defendants' continuing violation of these provisions.

<u>COUNT III</u>

<u>INTERFERENCE WITH PLAN BENEFITS</u>

<u>(against all Defendants except the Plan)</u>

43.

Plaintiff incorporates in Count III the allegations of 1 through 42 of the Complaint as if fully restated herein.

44.

ERISA § 510, 29 U.S.C. § 1140 provides that it shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan or ERISA.

45.

By denying Plaintiff the right to participate in the Plan until April 2012, Defendants interfered with Plaintiff's protected rights under § 510, 29 U.S.C. § 1140.

46.

Defendants further interfered with Plaintiff's protected rights under § 510, 29 U.S.C. § 1140 by terminating her in retaliation for having complained about the

denial of past Plan participation and benefits.

47.

Plaintiff's termination by Defendants is an adverse employment action.

48.

Plaintiff was prevented by virtue of her termination from obtaining benefits that she was legally entitled to under the Plan.

49.

In terminating Plaintiff, Defendants discriminated and retaliated against Plaintiff for attempting to use the benefits to which she was legally entitled under the Plan.

50.

Plaintiff's action in attempting to obtain the benefits to which she was legally entitled was a motivating factor in Defendants' decision to terminate Plaintiff.

51.

Plaintiff's attempt to obtain benefits was a motivating factor in Defendants' decision in terminating Plaintiff because Defendants would have had to paid the cost of Plaintiff's premiums, but Defendants avoided that cost by terminating Plaintiff.

52.

The retaliation by Defendants actually prevented Plaintiff from obtaining the benefits to which Plaintiff was legally entitled under the Plan.

53.

The benefits Plaintiff sought to obtain, but that were denied to her by Defendants, include but are not limited to the out of pocket premiums, co-pays, deductibles, and other expenses related to medical and dental insurance coverage and benefits.

54.

Because of Defendants' discrimination and retaliation against Plaintiff, Plaintiff has lost access to medical and dental insurance, and Plaintiff has not been able to get the medical and dental treatment that she needs.

COUNT IV

BREACH OF THE EMPLOYMENT CONTRACT

(against the Crisis Network only)

55.

Plaintiff incorporates in Count IV the allegations of paragraphs 1 through 27 of the Complaint as if fully restated herein.

56.

The policies in the Handbook formed a part of Plaintiff's contract of

employment with the Crisis Network.

57.

That contract required the Crisis Network to offer to furnish Plaintiff with insurance at all material times hereto.

58.

The contract further required the Crisis Network to not retaliate against Plaintiff protesting or complaining about some practice of the Crisis Network on the basis of a reasonable belief that the practice is in violation of law or a clear mandate of public policy.

59.

The Crisis Network retaliated against Plaintiff by terminating her after she repeatedly protested and complained about not being allowed to elect coverage under the Plan.

60.

Defendant's actions as outlined above violated Plaintiff's employment contract with the Crisis Network.

61.

As a result of Defendant's misconduct, Plaintiff has suffered actual and compensatory damages, insofar as she was forced to purchase more expensive, less comprehensive insurance coverage elsewhere, thereby incurring significant out of

pocket costs and medical and dental expenses, and insofar as she lost gainful past and future income from employment, employment benefits, and injury to her reputation in the community.

## COUNT V

## FAILURE TO PROVIDE REQUISITE ERISA DOCUMENTS UPON REQUEST

62.

Plaintiff incorporates in Count V the allegations of paragraphs 1 through 54 of the Complaint as if fully restated herein.

63.

On July 19, 2012, Plaintiff, through her attorney, requested in writing that Defendants provide her with a copy of the Summary Plan Description.

64.

The document requested is a document required to be disclosed upon written request to the administrator of a plan governed by ERISA, as provided in ERISA § 104(b)(4), 29 U.S.C. § 1024(b)(4).

65.

Defendants failed and refused to provide to Plaintiff a copy of the Summary Plan Description as required under and within the 30 days allowed by 29 U.S.C. § 1132(c)(1) (ERISA § 502(c)(l)), let alone by the date of the filing of this Complaint.

66.

As Plan Administrator of the Plan, Defendants has and had the legal and fiduciary obligation under ERISA to make full disclosure of documents pursuant to which the Plan is established and operated at certain times specified in ERISA and upon request by a plan participant and in this regard is subject to the penalties specified in 29 U.S.C. § 1132(c)(1) (ERISA § 502(c)(l)) for failure to do so within the time specified in such statute.

67.

Defendants failed and refused to disclose and provide a copy of the Summary Plan Description in violation of their legal and fiduciary responsibility to Plaintiff under the authorities cited above in this Count.

<u>COUNT VI</u>

<u>FAILURE TO PROVIDE COBRA NOTICE OR CONTINUATION COVERAGE</u>

68.

Plaintiff incorporates in Count VI the allegations of paragraphs 1 through 67 of the Complaint as if fully restated herein.

69.

Plaintiff suffered a qualifying event under ERISA § 603(2), 29 U.S.C. § 1163(2) when she was terminated from employment effective June 25, 2012.

70.

Defendants failed to provide Plaintiff notice of the cancellation of her health and dental benefits or her right to continue such benefits as required by COBRA, 29 U.S.C. 1166.

71.

Defendants breached their fiduciary duty by failing to issue a notice of continuation coverage as required under ERISA § 606, 29 U.S.C. § 1166.

72.

Defendants further breached their fiduciary duty by failing to administer the COBRA benefits in accordance with ERISA and the Internal Revenue Code.

73.

As a result of Defendants' failure to notify Plaintiff of her right to elect continuation of coverage under COBRA, Plaintiff has incurred medical expenses and other damages.

74.

As a further result of Defendants' violations of COBRA, Plaintiff is entitled to payment of $ 110.00 per day for each day Defendants failed to provide Plaintiff notice of her right to elect continued coverage as required by COBRA. 29 U.S.C. § 1132(c)(1).

<u>COUNT VII</u>

<u>ATTORNEY FEES UNDER ERISA</u>

75.

Plaintiff incorporates in Count VII the allegations of paragraphds 1 through 74 of the Complaint as if fully restated herein.

76.

29 U.S.C section 1132(g)(1) authorizes this Court to award reasonable attorney fees and costs of action to either party in an ERISA action.

77.

As a result of the actions and failings of the Defendants, Plaintiff has retained the services of legal counsel and has necessarily incurred attorney fees and costs in prosecuting this action.

78.

Plaintiff anticipates incurring additional attorney fees and costs in hereafter pursuing this action, all in a final amount which is currently unknown.

79.

Plaintiff, therefore, requests an award of reasonable attorney fees and costs.

WHEREFORE, Plaintiff, Shawna Ensley, respectfully seeks the following relief:

   a)  A judgment in the amount of the unpaid medical costs and expenses that

should have been paid under the terms of the Plan had Plaintiff been allowed to participate in the Plan, but were not;

b) An order that the Defendants must pay statutory penalties of up to $110 per day for their failure to provide requisite documents as required under ERISA and COBRA;

c) An award for back pay, front pay, compensatory, punitive and all other damages the Plaintiff is entitled to at law and in equity as a result of the Defendant's violations of  federal and state law.

d) An award of attorney fees and costs pursuant to 29 U.S.C. § 1132(g);

e) An award of equitable relief to (i) redress Defendants' violations of 29 U.S.C. § 1140 and (ii) enforce the terms of the plan pursuant to 29 U.S.C. § 1132(a)(3).

f) An order finding Defendants breached their fiduciary duty in the administration of the Plan, and personally liable for damages Plaintiff seeks;

g) An order for equitable restitution and other appropriate equitable monetary relief against Defendants;

h) Pre-judgment and post-judgment interest;

i) An order declaring that Defendants violated their fiduciary duties including the duties of loyalty and care to Plaintiff, and awarding appropriate relief including civil penalties, restitution, interest declaratory and injunctive relief

to Plaintiff;

j)   An order declaring that the Crisis Network breached the terms of its

employment contract with Plaintiff;

k)   An order declaring that Defendants violated their disclosure obligations

under ERISA, including under §104(b)(4), 29 U.S.C. § 1024(b)(4) and

ERISA § 102, 29 U.S.C. § 1022, for which Plaintiff is entitled to statutory

penalties, injunctive, declaratory and other equitable relief;

l)   An order granting such other and further relief as is just and proper; and

m)  A jury trial on all non-ERISA issues so triable.

Respectfully submitted, this 26th day of October, 2012.

THE SHARMAN LAW FIRM LLC

/s/ *Paul J. Sharman*
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5201
Email: paul@sharman-law.com

Counsel for Plaintiff