IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | | |
|---|---|---|
| SHAWNA ENSLEY, : | CIVIL ACTION FILE NO: |
|    Plaintiff, : | |
| : | 2:12-CV-254-RWS |
| v. : | |
| : | |
| NORTH GEORGIA MOUNTAIN : | JURY TRIAL DEMANDED |
| CRISIS NETWORK, INC., ET AL.,: | |
|    Defendants. : | |

**DEFENDANTS' MOTION TO DISQUALIFY
AND MEMORANDUM IN SUPPORT THEREOF**

Defendants, by and through their undersigned counsel, hereby file their Motion to Disqualify. In this Motion, Defendants ask the Court to disqualify Counsel for Plaintiff, Paul Sharman, from serving as counsel in this matter, as he has become a necessary witness on a contested issue.[1] In support of their Motion, Defendants state as follows:

**BACKGROUND**

As part of her Complaint, Plaintiff alleges that Defendant North Georgia Mountain Crises Network (the "Crises Network") terminated her employment in retaliation for complaints she made about allegedly not being offered health

---

[1] As set forth herein, this Motion is moot if the Court agrees with the argument Defendants set forth in their Notice of Objection and preclude Mr. Sharman from testifying in this case due to Plaintiff's failure to identify him as a witness in either their Initial Disclosures or their Responses to Defendants' Interrogatories.

1

insurance. As with any retaliation claim, the temporal proximity of the protected activity and the adverse action (here, Plaintiff's discharge) are key elements to the legal analysis of whether the plaintiff has a claim that can survive summary judgment. In this lawsuit, Plaintiff's Counsel Paul Sharman has directly inserted himself as a fact witness on the critical issue of when "protected activity" occurred by contending that he called Steven Miracle, then the President of the Crises Network's Board of Directors, a day or so prior to Plaintiff's discharge and left a message stating that he wanted to discuss Ms. Ensley's benefits. Miracle denies this. [Doc. 40-1].

> Initially, Mr. Sharman filed a Declaration stating that:
>
> On June 22, 2012, I telephoned the Crises Center's Board president, Steven Miracle, and left a message explaining that I wanted to discuss Ms. Ensley's benefits with him.

(Sharman Dec. dated June 24, 2013, ¶ 5) [Doc. 37-12]. After Mr. Sharman filed this Declaration, undersigned counsel alerted him to his concern about Mr. Sharman becoming a fact witness – specifically that he had not been previously disclosed as a witness and that he could not serve as both an attorney and a witness. *See* Exhibit A. In response, Mr. Sharman filed a Notice stating that he was withdrawing Paragraph 5 to his June 24, 2013 Declaration. [Doc. 41].

Mr. Sharman then filed another Declaration on August 2, 2013. [Doc. 42-2]. In this Declaration, Mr. Sharman uses his telephone records to refer to the telephone call he allegedly made to Mr. Miracle without detailing the substance of the alleged message he described in his June 24, 2013 Declaration.

Citing to this new August 2, 2013 Declaration, on Page 23 of her Brief in Opposition to Defendants' Motion for Summary Judgment, Plaintiff contends that:

> [t]he undisputed evidence shows that Defendants, despite two prior affirmative resolutions, decided against firing Plaintiff prior to June 18, 2012, but then fired her on June 25, 2012, **less than one business day after her counsel telephoned Mr. Miracle to discuss her ERISA-related grievances.**"

(Emphasis added) [Doc. 42].

Putting aside for a minute the evidentiary flaw in Plaintiff's contention that the telephone call involved "ERISA related grievances" when Mr. Sharman's August 2, 2013 Declaration makes no such assertion, the cited portion of Plaintiff's brief establishes that Mr. Sharman's Declaration is a key component of Plaintiff's argument on her retaliation claim. Given that Mr. Miracle denies that any such message was received, this puts Mr. Sharman squarely in the middle of a contested issue.

## ARGUMENT

The Local Rules for the Northern District of Georgia require attorneys appearing before it to comply with the Code of Professional Responsibility and Standards of Conduct contained in the State Bar of Georgia's Rules and Regulation.  L.R 83.1(C), NDGa.; *Bayshore Ford Truck Sales, Inc. v. Ford Motor Co.*, 380 F.3d 1331, 1338 (11th Cir. 2004).  Georgia Rule of Professional Conduct 3.7 states, in relevant part:

(a) A lawyer shall not act as advocate at a trial which the lawyer is likely to be a necessary witness except where:

> (1) the testimony relates to an uncontested issue;
>
> (2) the testimony relates to the nature and value of legal services rendered in the case; or
>
> (3) disqualification of the lawyer would work substantial hardship on the client.

Here, Mr. Sharman is a necessary fact witness on a contested issue - - did he call Mr. Miracle and leave a message related to Plaintiff on June 22, 2013.  No one else can attest to whether he left a message and, if so, what message was left.  While his telephone records can reflect that a call was made, they cannot establish what, if any, message was left.  Accordingly, the telephone records in and of themselves are irrelevant without testimony from Mr. Sharman attesting to the fact that a message was left and the content of the message - - making him a necessary

witness for Plaintiff to advance the argument it continues to make that it was Mr. Sharman's June 22 message that motivated the decision to terminate Plaintiff's employment.  Because Mr. Sharman is a necessary fact witness on a contested issue, if the Court does not strike Mr. Sharman's testimony for the reasons contained in Defendants' Notice of Objection, the Court should disqualify Mr. Sharman from serving as counsel in this matter and allow Defendants an opportunity to take his deposition, as he was not disclosed as a witness until after the end of the discovery period.

    Submitted this 20th day of August, 2013.

                                                 **GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
Attorneys for Defendants

By:   */s/Charles L. Bachman, Jr.*
       Charles L. Bachman, Jr.
       Georgia Bar No. 030545
       Lauren A. Nations
       Georgia Bar No. 301299
       49 Atlanta Street
       Marietta, GA 30060
       Phone: 770-422-1776
       Fax: 770-426-6155
       cbachman@gregorydoylefirm.com
       lnations@gregorydoylefirm.com

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

| | | |
|---|---|---|
| **SHAWNA ENSLEY,** | : | **CIVIL ACTION FILE NO:** |
| Plaintiff, | : | |
| | : | **2:12-CV-254-RWS** |
| **v.** | : | |
| | : | |
| **NORTH GEORGIA MOUNTAIN** | : | **JURY TRIAL DEMANDED** |
| **CRISIS NETWORK, INC., ET AL.,** | : | |
| Defendants. | : | |

**CERTIFICATION OF COMPLIANCE WITH L.R. 5.1**

Pursuant to L.R. 7.1D, N.D. Ga., the undersigned counsel hereby certifies that the foregoing pleading was prepared with one of the font and point selections approved by the court in L.R. 5.1C, N.D. Ga.

*/s/Charles L. Bachman, Jr.*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| SHAWNA ENSLEY,  Plaintiff, | : : : | CIVIL ACTION FILE NO: |
| v. | : : | 2:12-CV-254-RWS |
| NORTH GEORGIA MOUNTAIN CRISIS NETWORK, INC., ET AL.,  Defendants. | : : : | JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of August, 2013, I electronically filed **Defendants' Motion to Disqualify** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

    Paul J. Sharman, Esq.
    The Sharman Law Firm LLC

Respectfully submitted,

    **GREGORY, DOYLE, CALHOUN & ROGERS, LLC**
    Attorneys for Defendants

    */s/Charles L. Bachman, Jr.*
    Charles L. Bachman, Jr.
    Georgia Bar No. 030545
    Lauren A. Nations
    Georgia Bar No. 301299